STATE v. JETHRO R. VICKERS.

(Filed 31 October, 1928.)

1. **Husband and Wife—Abandonment—Judgments—Discretion of Court— Parent and Child.**

   It is within the discretion of the trial judge to provide for the support of the wife and the minor children of the marriage from the property or labor of the husband upon his conviction of wilfully abandoning them

(C. S., 4447, 4449), and, *Held*, in this case an order that he pay a certain sum of money into the clerk's office monthly for this purpose, and secure compliance therewith by executing a bond in the sum of one thousand dollars come within the provisions of the statute.

**2. Same—Form and Sufficiency of Judgment.**

Where the husband has been convicted of abandoning his wife and minor children, the order of the judge providing for their support should be definite in providing for the contingencies that may arise, such as the coming of age of the children, etc., and should state what part thereof is for the support of the wife and what part is for the support of the children; and an order requiring the defendant to pay a certain sum monthly into the office of the clerk of the Superior Court, under a bond of the defendant to secure compliance, without further provisions, will be remanded so that a more definite order be given in the judgment of the lower court.

**3. Criminal Law—Judgments—Conditional or Alternative Judgments.**

Where the husband has been convicted of wilfully abandoning his wife and minor children (C. S., 4447); and, secondly, of wilfully failing to support them (C. S., 4450), an order suspending judgment upon the second count, to take effect, however, upon the defendant's failure to comply with the order for support under the first one, is not objectionable as being conditional or alternative.

APPEAL by defendant from *Small, J.,* at May Term, 1928, of DURHAM.

The defendant was indicted for the wilful abandonment of his wife and children under C. S., 4447, and for his wilful failure, while living with his wife, to provide adequate support for her and the children under C. S., 4450. On the trial at the conclusion of the evidence the defendant pleaded guilty to both counts, and it was thereupon adjudged on the count for abandonment that the defendant pay into the office of the clerk of the Superior Court of Durham County on the first day of each calendar month, beginning 1 June, 1928, the sum of $90 for the support and maintenance of his wife and two minor children, and that he give bond in the sum of $1,000 with sufficient surety conditioned upon his faithful compliance with this order, and that in default he pay the penal sum of the bond into the office of the clerk to be disbursed upon the order of the Superior Court.

On the second count it was adjudged that the defendant be confined in the common jail of Durham County for a period of two years and assigned to work on the public roads of the county, *capais* not to issue unless the defendant failed to pay into the office of the clerk the sum of $90 each month as provided in the judgment and failed to pay the costs or failed to deliver his two minor children into the custody of their mother. Defendant excepted to the judgment and appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for plaintiff.*

*J. W. Barbee and V. S. Bryant for defendant.*

ADAMS, J. It is provided by statute that upon any conviction for abandonment the judge having jurisdiction may, in his discretion, make such order as in his judgment will best provide for the support of the deserted wife and children from the property or labor of the defendant. C. S., 4449. It was by virtue of this authority that the trial court adjudged that the defendant should pay into the office of the clerk a stated sum at the beginning of each month and should secure compliance with the order by the execution of a penal bond in the sum of $1,000. The defendant contends that the period or term of payment is indefinite; that the judgment is conditional or alternative, and that the custody of the children was not an issue before the court. We do not concur in the position that the sentence is conditional or alternative as in *S. v. Perkins,* 82 N. C., 682, or that the judgment was suspended in accordance with the principle laid down in *S. v. Hardin,* 183 N. C., 815, and in previous decisions. The effect of the last paragraph in the judgment was merely to suspend the execution in case of compliance by the defendant with certain conditions. *S. v. Schlichter,* 194 N. C., 277; *S. v. McAfee,* 189 N. C., 320; *S. v. Vickers,* 184 N. C., 676.

We are of opinion, however, that the judgment is indefinite in certain of its terms. It was argued on behalf of the State that the act of 1925 (Public Laws, ch. 290), which provides that the abandonment of children by the father shall constitute a continuing offense and shall not be barred until the youngest living child shall arrive at the age of 18 years, is in effect a suspended execution as to the minor children for a definite period of time. On the other hand it is contended that if this be admitted the judgment provides for the payment of $90 monthly for an indefinite period, and that after the children may have reached the age of 18 years the defendant would still be compelled to pay to his wife the entire sum, a portion of which was manifestly intended for the support of the children. The defendant contends that the judgment is subject to the further objection that a penal bond in the sum of $1,000 is required without any definite order for the disbursement of the penalty in case of a breach, and that the last paragraph of the judgment is susceptible of the interpretation that the defendant will be subject to imprisonment in case of his failure to make the monthly payments although the penalty of the bond has been paid into the office of the clerk.

The judgment should be more definite both as to the time of payment and as to the amount which the wife should be entitled to in case the

16—196

allowance is no longer applicable to the support of the children. The cause is therefore remanded to the end that the terms of the order made pursuant to section 4449 be more definitely prescribed and set forth in the judgment.

Remanded.