STATE v. JETHRO VICKERS.

(Filed 10 April, 1929.)

1. **Husband and Wife A d—Judgment for support of abandoned wife sufficiently definite.**

   A judgment that the defendant be confined in the common jail for one year upon each count in the indictment, the term under one count to begin at the expiration of the term under the other, the judgment to be fully satisfied at the expiration of both terms, with provision that the judgment be suspended upon the payment to his abandoned wife and children certain monthly sums for a definite period and the giving of a bond for compliance therewith, is in this case held to be sufficiently certain and definite in its terms.

2. **Criminal Law L e—Refusal to hear evidence in executing suspended sentence within discretion of court and not reviewable.**

   The refusal of the judge to hear evidence in executing judgment under a suspended sentence is a matter within his legal discretion and is not reviewable on appeal.

APPEAL by defendant from *Devin, J.,* at December Term, 1928, of DURHAM. Affirmed.

At the trial of this action in the Superior Court of Durham County, May Term, 1928, defendant pleaded guilty to both counts in the indictment. From the judgment on these pleas, defendant appealed to the Supreme Court, contending that the judgment was void for that it was indefinite, with respect to the terms of payments to be made by him for the support of his wife and children.

The appeal was heard at the Fall Term, 1928, of the Supreme Court, 196 N. C., 239, 145 S. E., 175. The action was remanded to the end that the terms of the order, made pursuant to C. S., 4449, be more definitely prescribed and set forth in the judgment.

From judgment, in accordance with the opinion of the Supreme Court, defendant again appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*J. W. Barbee and Victor S. Bryant for defendant.*

PER CURIAM. The terms of the judgment from which the defendant in this action has again appealed to this Court, are definite. It is adjudged that defendant be confined in the common jail of Durham County, for one year upon each count in the indictment to which he has pleaded guilty, the term under the judgment on the second count to begin at the expiration of the term under the judgment on the first count. During said confinement, defendant is assigned to work on the public roads of Durham County. After such confinement, defendant will be entitled to his discharge. The judgment will then be fully satisfied.

It is provided, however, that the judgment shall be suspended upon the conditions specifically set out therein. These terms are reasonable, and not oppressive. They may be accepted or not by defendant, as he may determine. By the conditions imposed for the suspension of the judgment, defendant is required only to discharge the duty which under the law he owes to his wife and children. If he discharges this duty, the judgment will not be executed; if he fails to discharge this duty, he must abide the judgment.

The amounts to be paid monthly by defendant for the support of his wife and children were agreed to by defendant and counsel for his wife and children. He is required to pay to his wife the sum of $30.00 on the tenth day of each month, for the period of four years, or for such part of said four years as she shall remain his lawful wife. He is further required to pay the sum of $15.00 on the 10th day of each month for the support and maintenance of each of his children, until such child shall arrive at the age of 18. In the event that defendant accepts the conditions of said judgment, and undertakes to pay said sums for the support of his wife and children, he is required to file with the clerk of the court a bond in the penal sum of $1,000, conditioned for the payment of the sums specified. The judgment, in the event he files said bond is suspended; upon default in the conditions of the bond, its penal sum shall be paid to the clerk to be applied by him to the payment of the sums required of defendant for the support of his wife and children, respectively.

There was no error in the refusal of the court to hear evidence tendered by defendant upon the motion of the solicitor for the State for judgment. This was in the discretion of the court, and his action is not reviewable by this Court. The judgment is

Affirmed.