STATE v. G. M. BROOKS.

(Filed 9 June, 1937.)

**Criminal Law § 61a—Defendant must be present when judgment of corporal punishment is pronounced.**

In this prosecution for abandonment, defendant entered a plea of *nolo contendere,* and an order was entered that defendant pay a certain amount into court monthly for the benefit of his wife and children. Thereafter, upon default, judgment was entered in the absence of defendant and without his knowledge, on his original plea, sentencing defendant to two years on the roads, sentence to begin on a stipulated day unless defendant paid all matured installments under the prior order. *Held:* The judgment attempting to impose corporal punishment, in the absence of defendant, unless avoided by compliance with the conditions annexed, was void.

PETITION by G. M. Brooks for *certiorari* as substitute for appeal, or in the nature of a writ of error (*S. v. Moore,* 210 N. C., 686), filed originally in the Supreme Court, and granted at the Spring Term, 1937.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*
*T. T. Thorne, C. C. Pierce, and J. L. Simmons for defendant.*

STACY, C. J.   The petitioner entered a plea of *nolo contendere* at the March Term, 1932, Nash Superior Court, to an indictment charging him with abandonment and nonsupport of his wife and children.   C. S., 4447; *S. v. Bell,* 184 N. C., 701, 115 S. E., 190.   An order was entered requiring the defendant to pay into the clerk's office for the support and maintenance of his children certain monthly stipulated amounts, which were later increased, and subsequently reduced to the original sums. C. S., 4449.   Default having been made in said payments, judgment was entered at the December Term, 1936, upon the defendant's original plea of *nolo contendere,* without his knowledge or presence, assigning the defendant to two years on the roads, "sentence to begin on the first day of the first January Term, 1937, Nash Superior Court, unless it shall appear that the defendant has paid into the office of the clerk of the Superior Court of Nash County all matured installments under the orders entered herein, and has likewise filed with said clerk a bond in the penal sum of $1,000, guaranteeing the payment of future installments as they mature.   If said conditions are not complied with, then and in that event the clerk of the Superior Court of Nash County is ordered and directed to issue *capias* and commitment and the solicitor of the district is directed to take action to have the defendant extradited to the end that the sentence herein imposed may be put into effect."

The validity of this judgment, attempting to impose corporal punishment upon the defendant, unless avoided by compliance with the conditions annexed, is challenged on two grounds: First, because entered without the knowledge or presence of the accused; and, secondly, for alternativeness.   The first ground of the challenge would seem to be valid, and will be sustained on authority of *S. v. Cherry,* 154 N. C., 624, 70 S. E., 294.   Consideration of the second ground is pretermitted.   See, however, *S. v. Perkins,* 82 N. C., 682; *Dunn v. Barnes,* 73 N. C., 273; *Hagedorn v. Hagedorn,* 210 N. C., 164, 185 S. E., 768, and cases there cited.   Compare *S. v. Vickers,* 196 N. C., 239, 145 S. E., 175.

Speaking to the first ground of the challenge in the *Cherry case, supra, Hoke, J.,* delivering the opinion of the Court, said: "While our decisions have established that in case of waiver the presence of the accused is not necessary to a valid trial and conviction, all of the authorities here

and elsewhere, so far as we have examined, are to the effect that when a sentence, either in felonies less than capital or in misdemeanors, involves and includes corporal punishment, the presence of the accused is essential. Thus, in *S. v. Paylor,* 89 N. C., 540, *Ashe, J.,* delivering the opinion, said: 'But where the punishment is corporal, the prisoner must be present, as was held in *Rex v. Duke,* Holt, 399, where the prisoner was convicted of perjury, *Holt, C. J.,* saying: "Judgment cannot be given against any man in his absence for corporal punishment; he must be present when it is done." ' " This accords with the general statement of the law on the subject. 8 R. C. L., 234; 16 C. J., 1292.

For the reason stated, the judgment entered at the December Term, 1936, will be stricken out.

Error.