An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1056

NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014

STATE OF NORTH CAROLINA

v.

DANIEL LEE FENNELL,
    Defendant.

Pender County
No. 08 CRS 3155, 52362

Appeal by defendant from judgment entered 30 April 2012 by Judge Arnold O. Jones in Pender County Superior Court. Heard in the Court of Appeals 21 January 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Joseph L. Hyde, for the State*
>
> *Kevin P. Bradley for defendant.*

ELMORE, Judge.

Daniel Lee Fennell (defendant) appeals the portion of the trial court's judgment ordering him to pay $7,120.75 in court costs and fees. After careful consideration, we remand for further proceedings consistent with this opinion.

## I. **Background**

On 3 June 2011, defendant was convicted of (1) felony possession of a controlled substance with intent to manufacture, sell, and deliver; (2) sale of a schedule II controlled substance; and (3) delivery of a schedule II controlled substance. He pled guilty to the charge of having attained habitual felon status. The trial court consolidated the charges and sentenced defendant to a minimum of 150 months imprisonment and a maximum of 189 months. The trial court also ordered defendant to pay $720.00 in restitution as a condition of his post-release supervision (original judgment). Defendant appealed to this Court. We concluded that he received a fair trial free of prejudicial error and affirmed the trial court's order of restitution. However, due to errors in calculating defendant's prior record level, we remanded for resentencing. *See State v. Fennell*, 2012 N.C. App. LEXIS 302, 6-8 (2012).

On 30 March 2012, the trial court resentenced defendant as a Class C, Level V, to a minimum term of 125 months and a maximum term of 159 months imprisonment. Defendant was also ordered to pay a total of $7,120.75 in costs and fees: $4,454.50 in court costs, $2,606.25 in attorney's fees, and $60.00 for "miscellaneous" (second judgment). Defendant appealed. We concluded that defendant's fourteen prior record

level points rendered him a Level IV offender, not a Level V, for sentencing purposes and remanded for resentencing. *State v. Fennell*, 2013 N.C. App. LEXIS 297, 3 (2013).

On 30 April 2013, Judge Arnold O. Jones (Judge Jones) presided over defendant's third sentencing proceeding. Defendant was present in open court when Judge Jones sentenced him within the presumptive range as a Class C, Level IV, to a minimum term of 111 months and a maximum term of 143 months imprisonment. In addition, Judge Jones pronounced that defendant was to pay the monies imposed in the original sentence, which was $720.00 in restitution.

That same day, a written judgment (third judgment) was entered ordering defendant to pay costs and fees of $7,120.75—the same monetary conditions imposed in the second judgment. The third judgment did not impose the $720.00 in restitution. We note that the third judgment states on its face, "ORIGINALLY SENTENCED 06/03/2011, PRIOR RESENTENCING 03/30/12." It is the imposition of these costs and fees that is the subject of defendant's appeal.

## II. Imposition of Costs and Fees

Defendant contends that the trial court erred in imposing additional costs and fees outside of his physical presence in

violation of his "right . . . to be present at the time sentence is pronounced[.]" *State v. Bonds*, 43 N.C. App. 467, 474, 259 S.E.2d 377, 381 (1979) (citation omitted). We agree.

We review *de novo* the question of whether a sentence imposed on the defendant outside of his presence was proper. *See State v. Crumbley*, 135 N.C. App. 59, 66–67, 519 S.E.2d 94, 99 (1999) (conducting a *de novo* review of the question of whether a sentence imposed on the defendant outside of his presence was proper).

Here, defendant was sentenced according to the actual terms of the third written judgment. *See Abels v. Renfro* Corp., 126 N.C. App. 800, 803, 486 S.E.2d 735, 737 (1997) ("Announcement of judgment in open court merely constitutes 'rendering' of judgment, not entry of judgment.") (citation omitted). "Defendant had a right to be present at the time that sentence was imposed." *State v. Arrington*, 215 N.C. App. 161, 166, 714 S.E.2d 777, 781 (2011); *see also State v. Pope*, 257 N.C. 326, 330, 126 S.E.2d 126, 129 (1962) ("The right to be present at the time sentence or judgment is pronounced is a common law right, separate and apart from the constitutional or statutory right to be present at the trial.") (citation omitted).

> A convicted defendant is entitled to notice
> and an opportunity to be heard before a

> valid judgment for costs can be entered. Costs are imposed only at sentencing, so any convicted indigent defendant is given notice . . . at the sentencing hearing and is also given an opportunity to be heard and object to the imposition of [the] cost[s].

*State v. Webb*, 358 N.C. 92, 101-02, 591 S.E.2d 505, 513 (2004) (citation omitted).

Defendant does not contest that he was in open court when the trial judge pronounced the third judgment. He contends, however, that because Judge Jones rendered oral judgment imposing the monies ordered in the original judgment, it was error for the trial judge to deviate from that ruling and enter the written judgment for $7,120.75.

The State disagrees based on this Court's decision in *Arrington*, *supra*. In *Arrington*, the trial judge pronounced, in the presence of the defendant, a sentence of 30-days imprisonment, suspended for 18 months of supervised probation. *Arrington*, 215 N.C. App. at 162, 714 S.E.2d at 778. In addition, the written judgment ordered defendant to pay $287.50 in court costs and a $225.00 community service fee, which the trial judge did not pronounce in open court. *Id*. The trial judge did not, in fact, render judgment on costs and fees at sentencing. On appeal, the defendant argued that the imposition

of the costs and fees outside of his presence infringed on his right to be present at sentencing. We disagreed because (1) the costs were statutorily mandated fees that were an integral part of the sentence defendant heard imposed upon him in open court; and (2) the imposition did not constitute additional punishment and, therefore, was not a substantial change in his sentence. *Id*. at 168, 714 S.E.2d at 782.

Here, Judge Jones rendered judgment in open court, pronouncing: "Give [defendant] credit for any time served against that sentence. And the original, if any, monies that were ordered at the original sentencing, those same monetary conditions, if any, shall apply in this sentence as well." Judge Jones then asked, "[a]nything else?" Defendant answered, "[n]o, sir."

Unlike *Arrington*, the trial judge in the instant case pronounced his decision as to the monetary portion of the judgment in defendant's presence. By doing so, Judge Jones placed defendant on notice of his intent to adopt the terms of Judge Russell Lanier's original judgment, which included a waiver of costs and fees, except for the $720.00 restitution. However, defendant did not have notice of the $7,120.75 judgment. Further, when Judge Jones asked, "anything else?" at

the hearing, defendant was afforded the opportunity to be heard and object to those matters for which he was on notice, namely his active sentence and the imposition of restitution. Thus, defendant was never afforded notice or the opportunity to be heard and object to the terms of the written judgment.

Should Judge Jones simply have rendered judgment sentencing defendant as a Level IV, to 111-143 months imprisonment—without pronouncing his intent to reinstate the monetary terms of the original order—our decision in *Arrington* would control. We recognize that the imposition of costs and fees did not constitute a substantial change in defendant's sentence. Nonetheless, under these particular facts, we conclude that defendant was denied his right to be present when his sentence was pronounced. Accordingly, we remand the third judgment to Pender County Superior Court for a determination of what costs and fees, if any, to impose after defendant is afforded notice and an opportunity to be heard.

Remanded.

Judges McGEE and HUNTER, Robert C., concur.

Report per Rule 30(e).