IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-960

 Filed: 1 October 2019

Buncombe County, Nos. 16 CRS 2470, 2472

STATE OF NORTH CAROLINA

 v.

DAVE ROBERT RIEGER

 Appeal by defendant from judgments entered 12 October 2017 by Judge Alan

Z. Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals 9

May 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Deborah M.
 Greene, for the State.

 Edward Eldred, Attorney at Law, PLLC, by Edward Eldred, for the defendant.

 DIETZ, Judge.

 Dave Rieger got pulled over for following too closely. Law enforcement found

marijuana and marijuana paraphernalia in Rieger’s car and arrested him on two

charges: possession of marijuana and possession of marijuana paraphernalia. Rieger

took his case to trial and a jury convicted him of both charges.

 To Rieger, this all seemed like one criminal case against him. But the State

filed the two charges against him in two separate charging documents and the trial

court entered two separate judgments against him. In each of those judgments, the

court assessed court costs, amounting to a total of nearly $800.
 STATE V. RIEGER

 Opinion of the Court

 This appeal is about those court costs. The applicable statute authorizes court

costs “in every criminal case” in which the defendant is convicted. N.C. Gen. Stat.

§ 7A-304(a). So the question is this: was what Rieger experienced one criminal case

or two?

 It is not an easy question to answer. Both Rieger and the State offer reasonable

but conflicting interpretations of the plain language, the statute’s history, and the

spirit and intent underlying the imposition of court costs. Ultimately, we are guided

by the General Assembly’s intent that court costs reflect the costs that the justice

system actually incurs. Court costs are not intended to be a fine or other form of

punishment. With this in mind, we hold that when multiple criminal charges arise

from the same underlying event or transaction and are adjudicated together in the

same hearing or trial, they are part of a single “criminal case” for purposes of the

costs statute. Accordingly, we vacate the imposition of costs in one of the two

judgments against Rieger.

 Facts and Procedural History

 In 2016, after law enforcement discovered various illegal drugs and drug

paraphernalia in Dave Robert Rieger’s car during a traffic stop, the State charged

Rieger with driving while impaired, driving without an operator’s license, and

possession of clonazepam, hydrocodone, marijuana, and marijuana paraphernalia.

The case then made its way through the justice system. Although the State brought

 -2-
 STATE V. RIEGER

 Opinion of the Court

each charge through a separate charging document, at each step in the criminal

justice process these charges were heard together in the same court proceeding.

Ultimately, in late 2017, after being found guilty on multiple charges in district court,

Rieger appealed to superior court and his case went to trial. The jury found Rieger

guilty of two charges: possession of marijuana and possession of marijuana

paraphernalia.

 After sentencing, the superior court entered two separate judgments, one for

each conviction. In both judgments, the trial court imposed the court costs described

in the statute addressing costs in criminal court. This amounted to nearly $800 in

court costs. Rieger appealed, challenging the imposition of the same court costs in

both judgments.

 Analysis

 Rieger argues that the trial court erred by assessing court costs as part of both

the criminal judgments. The statute governing criminal costs requires costs “in every

criminal case”:

 In every criminal case in the superior or district court,
 wherein the defendant is convicted, or enters a plea of
 guilty or nolo contendere, or when costs are assessed
 against the prosecuting witness, the following costs shall
 be assessed and collected.

N.C. Gen. Stat. § 7A-304. Rieger contends that, although the court entered two

separate judgments, one for each of the two separate charges, those judgments are

 -3-
 STATE V. RIEGER

 Opinion of the Court

part of the same criminal “case.”

 This is a question of statutory interpretation that we review de novo. State v.

Mackey, 209 N.C. App. 116, 120, 708 S.E.2d 719, 721 (2011). Our task in statutory

interpretation is to “determine the meaning that the legislature intended upon the

statute’s enactment.” State v. Rankin, __ N.C. __, __, 821 S.E.2d 787, 792 (2018). “The

intent of the General Assembly may be found first from the plain language of the

statute, then from the legislative history, the spirit of the act and what the act seeks

to accomplish.” Id.

 We thus begin with the plain language of the statute and, in particular, the

meaning of the word “case” in the phrase “in every criminal case.” When examining

the plain language of a statute, undefined words in a statute “must be given their

common and ordinary meaning.” Appeal of Clayton-Marcus Co., Inc., 286 N.C. 215,

219, 210 S.E.2d 199, 202 (1974). The word “case” is not defined in N.C. Gen. Stat.

§ 7A-304 and, thus, we use the ordinary and common meaning of that word.

 Rieger and the State generally agree on the ordinary meaning of the word

“case.” Both parties point to various dictionaries that consistently define the word, in

this context, as some sort of legal proceeding, action, suit, or controversy. See, e.g.,

Merriam-Webster’s Dictionary (11th ed. 2003); Black’s Law Dictionary (11th ed.

2019).

 -4-
 STATE V. RIEGER

 Opinion of the Court

 Applying this ordinary meaning, Rieger contends that “case” as used in this

statute means all criminal charges “disposed of together” in some legal proceeding. A

criminal case, Rieger argues, “quite regularly involves more than one charge from

more than one file number, and more than one conviction entered in more than one

judgment.” But if those charges are resolved in a single trial or hearing, they are a

single “case” under the statute. As support, Rieger points to his own trial transcript,

where the court explained to the jury that it had “called for trial the case entitled the

State of North Carolina versus Dave Robert Rieger.”

 The State, by contrast, focuses on the word “case” as meaning a distinct legal

action, suit, or proceeding. The State contends that “each charging document is an

action that can produce a conviction.” That charging document yields its own case

number and is managed separately within the court administrative system. Thus,

the State argues, each separately charged offense with its own charging document

and case number is a “case” under the ordinary meaning of that word.

 These are both reasonable interpretations of the statute’s plain text. And they

both have their flaws. For example, what if Rieger had pleaded guilty and been

sentenced on one of the charges shortly before beginning the trial on the second?

Having not been disposed of together, Rieger’s interpretation would treat these as

two separate cases. But if they are two separate criminal cases shortly before the

trial, why should they transform into one case if they are joined for trial but still

 -5-
 STATE V. RIEGER

 Opinion of the Court

result in two separate judgments? Nothing in the statute suggests the word “case”

possesses this sort of fluidity.

 The State’s interpretation has similar problems. Suppose a defendant is

charged with ten related offenses all stemming from the same underlying incident.

After trial, the court enters a consolidated judgment. See N.C. Gen. Stat. § 15A-

1340.15. Under the State’s view, the court must assess ten sets of court costs in that

judgment. This is so because each of those ten charges has its own charging document

and separate case number. But there is a single judgment, stemming from charges

all arising from the same underlying event, that moved through the justice process

together since the outset. To say, in ordinary English usage, that this is ten criminal

cases, rather than one, is quite a stretch.

 When interpreting a word or phrase in a statute, we must also examine how it

is used in other parts of the same statute. But again, this yields conflicting results.

For example, the statute provides that “[n]o costs may be assessed when a case is

dismissed” and “[w]hen a case is reversed on appeal, the defendant shall not be liable

for costs.” N.C. Gen. Stat. § 7A-304(a), (b). In our justice system, dismissals and

reversals ordinarily are directed at specific charges or claims, not the entire

proceeding collectively. This means some charges or claims can be dismissed, or

reversed on appeal, while others remain. Indeed, this is routine in criminal

proceedings. If the word “case” meant the entire proceeding collectively, the statute

 -6-
 STATE V. RIEGER

 Opinion of the Court

would fail to address how costs must be assessed in this common situation. This

suggests that the General Assembly viewed the word “case” in this statute as

meaning individual criminal charges, not all related charges collectively.

 But the statute also provides that certain crime laboratory costs “shall be

assessed only in cases in which [an] expert witness provides testimony about the

chemical analysis in the defendant’s trial.” Id. § 7A-304(a)(11)-(13). If the word “case”

here meant each individual charge, it would mean that these crime lab costs must be

assessed in a multi-count trial even for charges having nothing to do with the

chemical analysis and expert testimony. It is far more likely that the word “case,”

used here, is intended to mean the collective criminal proceeding that led to a trial.

 With this textual analysis failing to provide a ready answer, Supreme Court

precedent next requires us to look beyond the plain text and to examine “the

legislative history” of the statute. Rankin, __ N.C. at __, 821 S.E.2d at 792. There isn’t

much to go on. Our modern criminal costs statute was part of the Judicial Department

Act of 1965, which reorganized the court system with the creation of the district

courts. Act effective Jul. 1, 1965, ch. 310, 1965 N.C. Sess. Laws 310. The Act described

the purpose of the newly created costs statutes (both criminal and civil) as “providing

for the financial support of the judicial department, and for uniform costs and fees in

the trial divisions of the General Court of Justice.” Id. § 7A-2(6). The drafting history

 -7-
 STATE V. RIEGER

 Opinion of the Court

of the Act, and the accompanying report of the North Carolina Courts Commission,

offers no other guidance on the statute’s intent.

 Nevertheless, the State contends that the act’s original, stated purpose shows

an intent to impose costs separately for each separate criminal case file opened by

the court system. After all, the judicial department incurs costs to manage a criminal

case file regardless of whether the underlying charge is tried separately or with

others. Thus, imposing court costs for each separate case file best maximizes the

“financial support of the judicial department.”

 But as Rieger points out, our justice system has long recognized that it costs

less to conduct a single hearing or trial than multiple ones. See, e.g., State v. Toole,

106 N.C. 736, 11 S.E. 168 (1890). By using a broad word such as “case” as opposed to

a more specific word such as “charge” or “conviction,” the General Assembly might

have intended for court costs to more accurately reflect the actual costs (and costs

savings) incurred as charges make their way through the court system—something

that is best accomplished through Rieger’s interpretation. Rieger’s point is

exemplified by provisions such as the “courtroom and related judicial facilities”

charge. N.C. Gen. Stat. § 7A-304(a)(2). When the various pre-trial hearings for a

series of related charges (as well as the trial itself), take place together in the same

courtroom facility, assessing multiple courtroom usage costs is needlessly duplicative.

 -8-
 STATE V. RIEGER

 Opinion of the Court

 Having exhausted our analysis of both the statute’s text and history without

resolving the ambiguity, we lastly turn to “the spirit of the act and what the act seeks

to accomplish.” Rankin, __ N.C. at __, 821 S.E.2d at 792. Of course, we know what

the statute seeks to accomplish—as discussed above, the drafters included a

statement of purpose. We also know a few other things about costs. First, court costs

are not a criminal punishment and are not meant to be punitive. State v. Arrington,

215 N.C. App. 161, 168, 714 S.E.2d 777, 782 (2011). Second, despite this first point,

criminal court costs can function like a punishment, particularly for low-income

defendants.

 For example, payment of these costs typically is a condition of a defendant’s

probation and willful failure to pay can result in revocation; similarly, defendants

who fail to pay their court costs can lose their driver’s license; and unpaid court costs

can be converted into a civil judgment that becomes a lien on the defendant’s

property. See N.C. Gen. Stat. §§ 15A-1343, 20-24.1, 15A-1365. For many low-income

individuals, paying hundreds of dollars in court costs (in this case the courts costs are

nearly $800) is beyond their reach. The consequences—possible probation violations,

lack of a driver’s license, no access to credit—can lead to a cascade of crises that

ultimately return even the most well-intentioned people back to the criminal justice

system.

 -9-
 STATE V. RIEGER

 Opinion of the Court

 With this reality in mind, we believe the intent of the General Assembly when

it chose to require court costs “in every criminal case” was to have those costs be

proportional to the costs that this “criminal case” imposed on the court system. In

other words, court costs are meant to reflect the financial burden that a defendant’s

interaction with the justice system creates. Were it otherwise—were costs designed

solely to generate as much revenue as possible—they would be fines, which are a form

of punishment. Richmond County Bd. of Educ. v. Cowell, 243 N.C. App. 116, 119, 776

S.E.2d 244, 246–47 (2015); see also Gonzalez v. Sessions, 894 F.3d 131, 141 (4th Cir.

2018) (discussing the differences between costs and fines under North Carolina law).

And we can say with certainty that using court costs as another form of punishment

is not the General Assembly’s intent.

 Thus, when criminal charges are separately adjudicated, court costs can be

assessed in the judgment for each charge—even if the charges all stem from the same

underlying event or transaction. This is so because adjudicating those charges

independently creates separate costs and burdens on the justice system. But the rule

is different in cases like this one. When multiple criminal charges arise from the same

underlying event or transaction and are adjudicated together in the same hearing or

trial, they are part of a single “criminal case” for purposes of N.C. Gen. Stat. § 7A-

304. In this situation, the trial court may assess costs only once, even if the case

involves multiple charges that result in multiple, separate judgments.

 - 10 -
 STATE V. RIEGER

 Opinion of the Court

 Having announced this rule, we apply it here and hold that Rieger’s two

criminal judgments were part of a single “criminal case” for purposes of N.C. Gen.

Stat. § 7A-304. Thus, the statute permitted the trial court to assess the statutory

court costs only once across those two judgments. Because the court assessed those

costs twice, once in each judgment, we vacate the imposition of costs in the judgment

in Case No. 16 CRS 2470.

 Conclusion

 We vacate the judgment in Case No. 16 CRS 2470 and remand for entry of a

new judgment that does not include court costs.

 VACATED AND REMANDED IN PART.

 Judges MURPHY and COLLINS concur.

 - 11 -