ARTHUR LEE YORK, OLIVER LEE YORK AND WIFE, MARGARET YORK, PETITIONERS, v. FLOYD C. YORK AND WIFE, BETTY YORK, RESPONDENTS, AND C. W. RANDOLPH AND WIFE, LOCKIE RANDOLPH, ADDITIONAL PARTIES.

(Filed 20 September, 1967.)

**1. Appeal and Error § 36—**

   A court has an inherent power to correct its records to make them speak the truth, and therefore the clerk of the Superior Court upon findings based on testimony before him that he had signed an order for publication and had made a certificate, that he had addressed and mailed the notice of publication, and placed the certificate in the file, are conclusive even though the original record failed to so show, and are sufficient to support the clerk's denial of a motion to set aside the judgment in the proceeding for want of proper service.

**2. Evidence § 4—**

   Where a person under duty to mail a letter entrusts it to a person having an interest in the mailing of the letter, who testifies that he duly mailed it and that the letter was properly addressed, there is a presumption that the letter was delivered to the addressee.

APPEAL by Respondents Floyd C. York and wife, Betty York, from *Martin, S.J.,* 13 March 1967, Civil Session, BUNCOMBE Superior Court.

The petitioner, Oliver Lee York, and the respondent, Floyd C. York, are brothers and in 1962 lived on the same street in Washington, D. C. The other petitioner, Arthur Lee York, is the nephew of the two brothers, being the only son of a deceased third brother. He is a resident of Buncombe County, N. C.

The three brothers were tenants in common of certain real estate located in Buncombe County, N. C.; and upon the death of his father, Arthur Lee York became one of the tenants in common.

In October 1962 the petitioners instituted the special proceedings in Buncombe County against the respondents, Floyd C. York and wife, to partition the lands owned by the parties as tenants in common. Upon the return of the sheriff that the respondents, Floyd C. York and wife, Betty, were not to be found, the petitioners complied with the statutory requirements of service by publication; and the land was sold after due advertisement and purchased by C. W. Randolph and wife, Lockie Randolph, who have since been made additional parties. All of the statutory requirements for report, confirmation by the clerk, and by the judge, were met, the respondents having failed to appear. In July 1965, the respondents moved to set aside the judgment and confirmation of sale for the reason that they had not received notice of the pendency of the proceedings or the sale; that the "petitioners failed to have the Clerk of Superior Court mail a copy of the Notice of Service of Process by Publication and no such Notice was ever received by these movents; that there is no certificate at the bottom of the Order for Service of Process by Publication or by separate certificate filed with the Order certified by the Clerk that a copy of said Notice was mailed to said respondents or either of them as provided by N. C. General Statutes 1-99.2"; and that Arthur Lee York lived on the same street in Washington and knew their address. The respondents also filed affidavits to the effect that they had been living for the past fifteen years at 5419 Boulder Drive, Washington, D. C., and that they had received no notice of the publication. In response to the motion and affidavits, petitioners offered the affidavit of Don C. Young, attorney for petitioners; and upon a hearing, Mr. Young testified that he had been practicing law in Asheville for more than forty years, and had instituted the 1962 proceedings. That when the sheriff returned the summons for the respondents unserved, Mrs. Edna C. Turnbull, Assistant Clerk of the Superior Court, upon proper affidavit and motion, signed an order for service of publication and signed a copy of it to be mailed to the respondents. Mrs. Turnbull got what they called a "blue slip" and made the entry on it, signed it, attached it, and put it among the papers in the order of publication and notice and then gave a copy of the

papers to Mr. Young in an envelope correctly addressed to the respondents, and that she "put a stamp on it and gave it to me [Mr. Young] to mail, and I took it down to the Post Office and mailed it. I noticed the address and it was correct, and that was done the same day the publication was."

The clerk, after hearing the parties, found as a fact that Mrs. Turnbull ordered service of process by publication, and notice of publication was signed by her on the same date; that she then addressed a proper envelope to the respondents, stamped it and "the same was properly and immediately placed in the United States mail for transportation and delivery to the respondents." That on the same date, Mrs. Turnbull prepared and signed a certificate to the effect that she had addressed and mailed to the respondents a notice of publication and placed the same in the file. That the sale of the land was later held, which was in all respects regular and all the statutes complied with, and that the sale had been properly reported and confirmed by the clerk and approved by a judge of the superior court on 13 August 1964. The clerk further held:

> "For some unexplainable reason, unknown to the Court, the said certificate made by Edna C. Turnbull, Assistant Clerk of the Superior Court, on or about the 5th day of November, 1962, was lost, destroyed or misplaced during the period of time before said papers were recorded and when said proceedings was recorded in the Office of the Clerk of the Superior Court in Special Proceedings, Volume 91 at page 231, under the title of Case No. 62-82, the said certificate of the mailing of said Notice of Publication was not included and is not in said file or in said book, and the Court finds as a fact that the minutes and records of said proceeding therein do not speak the truth in that the said certificate having, for some unknown reason, disappeared or was lost, was not placed on said records of said court."

The clerk then held "that said records and said minutes of said proceeding should be corrected to speak the truth by the insertion therein showing the certificate of said date and that the record of this order and judgment shall constitute and be a correction of said minutes and records to that effect." The clerk further held:

> "That every provision of the law regarding the Service of Publication and the notification of the respondents has been carefully complied with and that on the date of said confirmation and judgment confirming said sale by the Court, that said

respondents were proper parties to said action and were subject to the jurisdiction of the Court.

"That the respondents C. W. Randolph and wife, Lockie Randolph, were innocent purchasers of said property under the confirmation and judgment of the Court, and that they have fully complied with the terms and conditions on which the same was purchased by them.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

"That the motion of the said Floyd C. York and wife, Betty York, by and through their attorney Bruce J. Brown, to set aside said judgment be, and the same is hereby denied.

"That the costs of this proceeding be taxed against said respondents Floyd C. York and wife Betty York."

The respondents appealed, and the matter was then heard before Judge Martin of the Superior Court who in every respect affirmed and approved the order of the clerk and ordered the correction of the records "to speak the truth by the insertion therein showing the certificate of said date and that the recording of this order and judgment shall constitute and be a correction of said matters and records to that effect."

From Judge Martin's judgment, the respondents appealed.

*Bruce J. Brown, Attorney for Respondent Appellants, Floyd C. York and wife, Betty York.*

*Don C. Young, Attorney for Arthur Lee York, Oliver Lee York and wife, Margaret York, Petitioner Appellees.*

*Cecil C. Jackson, Jr., Attorney for C. W. Randolph and wife, Lockie Randolph, Additional Parties, Appellees.*

PER CURIAM: The respondents attacked the validity of the sale of the lands for three reasons: first, that they received no notice of the pendency of the action or the sale of the lands; second, that the alleged certificate of Mrs. Turnbull was not in the files, and the orders of the clerk and the judge adding them and correcting the record was error; and, third, that notice of the proceedings was not mailed by the clerk as required by G.S. 1-99.2, and specifically that he did not comply with subsection (c) which requires "The clerk shall mail a copy of the notice of service of process by publication . . ."

We are of the opinion that the respondents' positions are not well taken. Upon competent evidence, the clerk found as a fact that the notice and certificates had been signed but had been lost from the files. This was a matter to be determined by him. In *Creed v.*

*Marshall,* 160 N.C. 394, 76 S.E. 270, the Court said that in matters of this kind the clerk "is the sole judge of the weight and credibility of the evidence, and his findings thereon are conclusive and are not reviewable by this Court."

"The power of a court upon a proper showing to correct its records and supply an inadvertent omission cannot be doubted." *Philbrick v. Young,* 255 N.C. 737, 122 S.E. 2d 725, and many cases there cited. See also *Trust Co. v. Toms,* 244 N.C. 645, 94 S.E. 2d 806; and *S. v. Cannon,* 244 N.C. 399, 94 S.E. 2d 339, in which case the Court, speaking through Denny, J., later C.J., approved the amendment to the minutes of the superior court some fifteen years after the omission occurred. This involved a serious criminal charge, and it could hardly be argued that if corrections can be made affecting the liberty of a defendant, that in matters of much smaller consequence they couldn't be corrected.

The other contention of the respondents that the clerk did not mail the papers cannot be seriously considered. The clerk of court in Mecklenburg County would be able to do little except carry letters to the post office if he were physically and personally required to mail them. It goes without saying that when he, or one in his office, authorizes the mailing of a notice, and there is proof by the person to whom the mailing is entrusted that it was mailed, that this constitutes compliance with the statute.

There are many rulings to the effect that the mailing of a letter properly addressed presumes a delivery to the addressee. *Mill Co. v. Webb,* 164 N.C. 87, 80 S.E. 232; *Bank v. Hall,* 174 N.C. 477, 93 S.E. 981; *Trust Co. v. Bank,* 166 N.C. 112, 81 S.E. 1074; *White v. Insurance Co.,* 226 N.C. 119, 36 S.E. 2d 923; *Holloman v. R. R.,* 172 N.C. 372, 90 S.E. 292.

The judgment of the court below is
Affirmed.