STATE OF NORTH CAROLINA v. FERRER, DEFENDANT, AND AEGIS SECURITY INSURANCE CO., SURETY

No. COA04-935

(Filed 3 May 2005)

**1. Bail and Pretrial Release— bond forfeiture—motion to vacate—notice**

The trial court did not err by denying the surety's motion to vacate a bond forfeiture judgment even though the surety contends there was insufficient evidence that the clerk of court mailed the notice of bond forfeiture to the surety, because: (1) where a clerk of court is charged with providing notice of a court action, there is a presumption that notice properly addressed and mailed is delivered to the addressee; (2) the record on appeal contains a copy of the bond forfeiture notice for defendant which is dated 13 March 2003 and signed electronically by a deputy clerk of court, thus supporting the trial court's finding that the deputy clerk of court mailed the notice in compliance with N.C.G.S. § 15A-544.4; (3) N.C.G.S. § 15A-544.4 states that notice is

STATE v. FERRER

[170 N.C. App. 131 (2005)]

effective when the notice of bond forfeiture is mailed, and the statute does not require that the surety receive the notice of bond forfeiture for notice to be effective; and (4) while an assistant risk manager from the surety's program administrator testified that notice was not received, this evidence merely created an issue of fact for the trial court.

**2. Appeal and Error— preservation of issues—failure to set out assignment of error**

Although a surety contends that the North Carolina notice of bond forfeiture statute under N.C.G.S. § 15A-544.4 violates the notice requirements of substantive due process, the surety failed to preserve this issue for review because: (1) the assignment of error listed by the surety in its brief does not correspond to the issue of whether the notice of bond forfeiture statute violates the notice requirements of the substantive due process doctrine; and (2) none of the assignments of error provided in the record make reference to the substantive due process issue or the trial court's failure to address an issue raised at trial.

Appeal by surety from judgment entered 9 March 2004 by Judge John O. Craig, III, in Randolph County Superior Court. Heard in the Court of Appeals 24 March 2005.

*Gavin, Cox, Pugh & Wilhoit, LLP, by Robert E. Wilhoit and Alan V. Pugh, for the State.*

*Andresen & Vann, by Kenneth P. Andresen and Christopher M. Vann, for surety.*

*No brief filed for defendant.*

TIMMONS-GOODSON, Judge.

Surety Aegis Security Insurance Co. ("Aegis" or "surety") appeals an order of the trial court denying Aegis's motion to vacate a bond forfeiture judgment. For the reasons provided herein, we affirm the order of the trial court.

The factual and procedural history of this case is as follows: On 12 March 2002, Mario Ferrer[1] ("Ferrer") was arrested in Randolph County on drug charges. On 10 May 2002, Aegis secured Ferrer's release from jail by posting a $100,000 surety appearance bond for pretrial release. Ferrer was called upon to appear in court on 3 March

---

1. Defendant Mario Ferrer is not a party to this appeal.

STATE v. FERRER

[170 N.C. App. 131 (2005)]

2003, but failed to make his court appearance. The trial court entered a Bond Forfeiture Notice, which listed Aegis as the surety and provided the address of Aegis's program administrator, Capital Bonding, in Reading, Pennsylvania. The Bond Forfeiture Notice also provided the name of a bail agent and the bail agent's address in Lillington, North Carolina. The Bond Forfeiture Notice indicated that the bond forfeiture would become a final judgment on 10 August 2003 unless Aegis surrendered Ferrer to the sheriff's department or met one of the other conditions provided therein. Aegis failed to meet any of the conditions required to prevent the bond forfeiture, and the trial court entered a forfeiture judgment on 12 August 2003. On 26 November 2003, Aegis filed a motion to vacate the judgment pursuant to N.C. Gen. Stat. § 15A-544.8(b)(1), arguing that it "did not receive notice of the forfeiture as required by statute." The matter was called for hearing together with the case of *State v. Landaver & Aegis Security Insurance Co.* (appealed at COA04-934) on 1 March 2004. Kelly Fitzpatrick ("Fitzpatrick"), assistant risk manager at Capital Bonding, Carolyn Comer ("Comer") and Wanda Simpson ("Simpson"), deputy clerks of court for Randolph County Superior Court, testified at the hearing.

Comer testified that her job responsibilities included processing bond forfeitures. She stated that when the trial court entered a bond forfeiture notice, it was customary that a copy of the notice be sent via first-class mail to the defendant, the surety, and the bail agent. She further testified that if a bond forfeiture notice was returned by the post office as undeliverable, the returned envelope would be placed in the defendant's case file.

Simpson testified that her job responsibilities included placing bond forfeiture notices into envelopes and placing the envelopes in a bin to be taken to a United States Postal Service mailbox by another deputy clerk of court. She further testified that she specifically remembered mailing a bond forfeiture notice for Ferrer.

Fitzpatrick testified that upon receipt of a bond forfeiture notice, Capital Bonding's custom was to (1) change the defendant's file in the computer database system from active status to forfeiture status, (2) give a copy of the bond forfeiture notice to the recovery department, which is charged with locating the defendant, and (3) place copies of the bond forfeiture notice in the defendant's risk management file and the file for the bail agent to whom the defendant is assigned. Fitzpatrick testified that she receives and processes all of the bond

forfeiture notices mailed to Capital Bonding. She further testified that Ferrer's file in the computer database system had not been changed from active status to forfeiture status, and that there were no copies of a bond forfeiture notice in Ferrer's risk management file or in the agent's file, which indicated that Capital Bonding did not receive the bond forfeiture notice.

After considering the evidence, the trial court entered an order on 9 March 2004 containing the following pertinent findings of fact:

5. Following the entry of the forfeiture and pursuant to N.C.G.S. § 15A-544.4, the Clerk of Superior Court, through its employee Wanda Simpson . . . mailed to Aegis the Notice of Hearing on the Forfeiture on March 13, 2003. The notice was sent by first-class mail not later than thirty (30) days after the date on which the forfeiture was entered.

6. As of March 1, 2004 the Defendant has not been arrested nor surrendered by Aegis, and the bond is still outstanding.

7. Aegis presented no evidence of extraordinary cause to support its Motion to Vacate.

The order also contained the following conclusions of law:

1. The Court shall give notice of the entry of forfeiture by mailing a copy of the forfeitures [sic] to the Defendant and to each Surety named on the bond by first class mail. Notice given under this North Carolina law is effective when notice is mailed.

2. Aegis has failed to establish that it did not receive notice as required by law.

3. Aegis failed to establish any valid statutory reasons to set aside the forfeiture in this action.

The trial court denied Aegis's motion to vacate the judgment and ordered Aegis to pay $100,000 to satisfy the judgment. It is from this order that Aegis appeals.

---

The issues presented by Aegis on appeal are whether (I) there was sufficient evidence for the trial court to find that the clerk of court mailed the notice of bond forfeiture to Aegis; and (II) the North Carolina notice of bond forfeiture statute violates the notice requirements of the Substantive Due Process doctrine.

**[1]** Aegis first argues that there was not sufficient evidence for the trial court to find that the clerk of court mailed the notice of bond forfeiture to Aegis. We disagree.

N.C. Gen. Stat. § 15A-544.4 provides the following guidelines for mailing a notice of bond forfeiture:

(a) The court shall give notice of the entry of forfeiture by mailing a copy of the forfeiture to the defendant and to each surety whose name appears on the bail bond.

(b) The notice shall be sent by first-class mail to the defendant and to each surety named on the bond at the surety's address of record.

(c) If a bail agent on behalf of an insurance company executed the bond, the court shall also provide a copy of the forfeiture to the bail agent, but failure to provide notice to the bail agent shall not affect the validity of any notice given to the insurance company.

(d) *Notice given under this section is effective when the notice is mailed.*

(e) Notice under this section shall be mailed not later than the thirtieth day after the date on which the forfeiture is entered. If notice under this section is not given within the prescribed time, the forfeiture shall not become a final judgment and shall not be enforced or reported to the Department of Insurance.

(2003) (emphasis added).

"It is well-settled that 'the trial court's findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, *even though the evidence might sustain findings to the contrary.*'" *Mark IV Beverage, Inc. v. Molson Breweries USA*, 129 N.C. App. 476, 485, 500 S.E.2d 439, 445 (1998) (quoting *In re Estate of Trogdon*, 330 N.C. 143, 147, 409 S.E.2d 897, 900 (1991)). Where a clerk of court is charged with providing notice of a court action, there is a presumption that notice properly addressed and mailed is delivered to the addressee. *York v. York*, 271 N.C. 416, 420, 156 S.E.2d 673, 675-76 (1967); *see e.g. State v. Teasley*, 9 N.C. App. 477, 485-86, 176 S.E.2d 838, 845 (1970). To establish this presumption the clerk of court does not have to prove that he physically and personally carried the mailing to the post office. *York*, 271

N.C. at 420, 156 S.E.2d at 675-76. Where "he, or one in his office, authorize[d] the mailing of a notice, and there is proof by the person to whom the mailing is entrusted that it was mailed, . . . this constitutes compliance with the statute." *Id.* The presumption of regularity is "the presumption that 'public officials will discharge their duties in good faith and exercise their powers in accord with the spirit and purpose of the law.' " *Huntley v. Potter*, 255 N.C. 619, 628, 122 S.E.2d 681, 687 (1961) (quoting *Construction Co. v. Electrical Workers Union*, 246 N.C. 481, 488, 98 S.E.2d 852, 857 (1957)).

In the present case, Simpson testified on direct examination as follows:

Q: And tell me, tell the Court what procedure you go through in issuing that notice.

A: After the defendant is called and failed in the courtroom and they are put into a process stack, and then another deputy clerk will issue the order for arrest, and then the file is put in a supervisor's office, and I go in there and get the files and issue the forfeiture, and enter it into the V-Cap Civil system, and then it's mailed out first-class mail on the same day.

Q: And during what time period do you issue this notice?

A: Within the thirty-day period, usually a couple of days after the order for arrest goes out or the very next day.

Q: Do both of these notices indicate that they were issued within the thirty-day period?

A: Yes, sir.

Q: And where are these notices mailed?

A: One goes to the defendant, one to the insurance company, and one to the agent. And then the clerk keeps one.

Q: Okay. Now, are these notices delivered to—how are they put into the mail system?

A: I personally put them in the envelopes and take them over to the mail bucket that we have in our clerk's office, and then another deputy clerk will pick up that bucket and take it out to the mailbox and put the mail in.

Simpson further testified on cross-examination as follows:

Q: Okay. Now, do you have a personal recollection of [the Landaver and Ferrer bond forfeiture] notices?

A: I do remember doing them, issuing the forfeitures.

Q: Okay. So you remember these specific forfeitures being printed off of your computer?

A: Yes, sir.

Through Simpson's testimony, the State established that the clerk of court produced and mailed a notice of bond forfeiture to Aegis. Furthermore, the record on appeal contains a copy of the bond forfeiture notice for Ferrer, which is dated 13 March 2003 and signed electronically by Simpson. This evidence is sufficient to support the trial court's finding that the deputy clerk of court mailed the notice in compliance with N.C. Gen. Stat. § 15A-544.4. While we recognize that this evidence is contradicted by Fitzpatrick's testimony at trial and by affidavit that Aegis did not receive the notice of bond forfeiture, we note that § 15A-544.4(e) states that notice is effective when the notice of bond forfeiture is *mailed*. The statute does not require that the surety *receive* the notice of bond forfeiture for notice to be effective.

Furthermore, while Fitzpatrick's testimony constitutes "some evidence" that notice was not mailed, this evidence did not compel a finding in favor of surety, but rather created an issue of fact for the trial court. "It is within the trial court's discretion to determine the weight and credibility given to all evidence presented during a non-jury trial." *Department of Transp. v. Elm Land Co.*, 163 N.C. App. 257, 264, 593 S.E.2d 131, 136 (2004) (citing *Kirkhart v. Saieed*, 98 N.C. App. 49, 54, 389 S.E.2d 837, 840 (1990)). "The findings of fact made by the trial judge are conclusive on appeal if supported by competent evidence, even if, *arguendo*, there is evidence to the contrary." *Lumbee River Electric Corp. v. City of Fayetteville*, 309 N.C. 726, 741, 309 S.E.2d 209, 219 (1983). For the reasons discussed *supra*, we conclude that the trial court's findings of fact are supported by competent evidence. In turn, the findings of fact support the trial court's conclusions of law. The trial court did not err in denying Aegis's motion to vacate.

[2] Aegis next argues that the North Carolina notice of bond forfeiture statute violates the notice requirements of the Substantive Due Process doctrine. This issue is not preserved for appellate review.

"[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal." N.C.R.

App. P. 10(a) (2005). In the appellant's brief, immediately following each question presented on appeal, the appellant must provide "a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal." N.C.R. App. P. 28(b)(6) (2005).

In the present case, immediately following the presentation of this issue, Aegis identifies Assignment of Error No. 6 as the pertinent assignment of error. Assignment of Error No. 6 is provided in the record on appeal as follows: "Appellant Aegis Security Insurance Co. assigns as error . . . [t]he court's denial of Appellant's Motion to Vacate Judgment on the ground that such denial is not supported by the evidence in the record." This assignment of error does not correspond to the issue of whether the notice of bond forfeiture statute violates the notice requirements of the Substantive Due Process doctrine. We recognize that Aegis raised this constitutional issue at trial and the trial court declined to rule on the matter. However, none of the assignments of error provided in the record make reference to the Substantive Due Process issue or the trial court's failure to address an issue raised at trial. Because this issue is not set out in an assignment of error, we hold that it is not preserved for appellate review.

We have considered all of appellant's assignments of error properly brought forward and for the reasons provided herein, we affirm the order of the trial court.

AFFIRMED.

Judges CALABRIA and GEER concur.