STATE OF NORTH CAROLINA v. TRACY SCOTT HERMAN

No. COA11-1291

(Filed 5 June 2012)

**Jurisdiction—subject matter—sex offender on unlawful premises—indictment insufficient**

The State's appeal from the trial court's order allowing defendant's motion to have certain portions of N.C.G.S. § 14-208.18 declared unconstitutional was dismissed. The indictment charging defendant with being a sex offender on unlawful premises was insufficient and the trial court lacked subject matter jurisdiction over the case.

Appeal by the State from order entered 31 August 2011 by Judge Robert T. Sumner in Superior Court, Catawba County. Heard in the Court of Appeals 25 April 2012.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Laura E. Parker, for the State.*

*Glenn Gerding, for defendant-appellee.*

STROUD, Judge.

This matter is before this Court on the State's appeal from a trial court's order allowing Tracy Scott Herman's ("defendant") motion to have certain portions of N.C. Gen. Stat. § 14-208.18 declared unconstitutional. As the indictment charging defendant was insufficient, we do not have subject matter jurisdiction and dismiss the State's appeal.

## I. Background

On 3 January 2011, defendant was indicted for one count of being a sex offender on unlawful premises, pursuant to N.C. Gen. Stat. § 14-208.18(a)(2). On 16 August 2011, defendant filed a motion requesting that the trial court find N.C. Gen. Stat. § 14-208.18(a)(2) and (3) unconstitutional, arguing that these portions of this statute (1) violated defendant's First Amendment right to freedom of association because they are "unconstitutionally overbroad[;]" (2) are unconstitutionally so vague as to not "give notice to a reasonable citizen of whether his conduct is illegal" and to encourage "law enforcement to enforce the law in an arbitrary and discriminatory manner[;]" and (3) violated defendant's First Amendment and State constitutional rights to free exercise of religion and association. Defendant's motion came on for hearing and by order entered 31 August 2011, the trial court, after making findings of fact and conclusions of law, declared N.C. Gen. Stat. § 14-208.18(a)(2) "unconstitutional[,]" and dismissed the pending charges against defendant. On 17 August 2011, the State filed written notice of appeal from the trial court's order. On appeal, the State argues that (1) the trial court erred in determining the constitutionality of N.C. Gen. Stat. § 14-208.18(a)(2) because defendant did not have standing to challenge this statute; and (2) the trial court erred in finding N.C. Gen. Stat. § 14-208.18(a)(2) unconstitutional. Based on our recent holding in *State v. Harris*, _____ N.C. App. _____, _____ S.E.2d _____, 2012 N.C. App. LEXIS 444 (N.C. Ct. App. April 3, 2012) (COA11-1031), the record before us presents a preliminary jurisdictional issue.

## II. Jurisdictional issue

In *Harris*, the defendant argued on appeal that "the trial court lacked subject matter jurisdiction over this case because the indict-

ment purporting to charge him with violating N.C. Gen. Stat. § 14-208.18[(a)(1)] failed to allege all the essential elements of the offense defined in that statutory provision." *Id.* at *4. Specifically, the defendant argued that the indictment was insufficient because it failed to allege that (1) the defendant was on the school premises; (2) the defendant was knowingly on the school's premises; or (3) the defend-ant had been "convicted of an offense under Article 7A of Chapter 14 of the North Carolina General Statutes or an offense involving a minor child." *Id.* at *4-5 (emphasis omitted). In explaining the relevant law, this Court stated

> According to N.C. Gen. Stat. § 15A-924(a)(5) an indictment must contain:
>
> A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defend-ant or defendants of the conduct which is the subject of the accusation.
>
> "As a '[p]rerequisite to its validity, an indictment must allege every essential element of the criminal offense it purports to charge,' " *State v. Billinger*, N.C. App. , , 714 S.E.2d 201, 206 (2011) (quoting *State v. Courtney*, 248 N.C. 447, 451, 103 S.E.2d 861, 864 (1958)), although it "need only allege the ultimate facts constituting each element of the criminal offense." *State v. Rambert*, 341 N.C. 173, 176[,] 459 S.E.2d 510, 512 (1995) (citation omitted). "Our courts have recognized that[,] while an indictment should give a defendant sufficient notice of the charges against him, it should not be subjected to hyper technical scrutiny with respect to form." *In re S.R.S.*, 180 N.C. App. 151, 153, 636 S.E.2d 277, 280 (2006). "The general rule in this State and elsewhere is that an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words." *State v. Greer*, 238 N.C. 325, 328, 77 S.E.2d 917, 920 (1953).
>
> "North Carolina law has long provided that '[t]here can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court acquires no jurisdiction whatever, and if it assumes jurisdiction a trial and conviction are a nullity.' " *State v. Neville*, 108 N.C. App. 330, 332, 423 S.E.2d 496, 497 (1992) (quoting *McClure v. State*, 267

N.C. 212, 215, 148 S.E.2d 15, 17-18 (1966)). "[W]here an indictment is alleged to be invalid on its face, thereby depriving the trial court of [subject matter] jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341, cert. denied, 531 U.S. 1018, 148 L.Ed. 2d 498 (2000). This Court "review[s] the sufficiency of an indictment *de novo*." *State v. McKoy*, 196 N.C. App. 650, 652, 675 S.E.2d 406, 409, *appeal dismissed and disc. review denied*, 363 N.C. 586, 683 S.E.2d 215 (2009). "An arrest of judgment is proper when the indictment 'wholly fails to charge some offense cognizable at law or fails to state some essential and necessary element of the offense of which the defendant is found guilty.' " *State v. Kelso*, 187 N.C. App. 718, 722, 654 S.E.2d 28, 31 (2007) (quoting *State v. Gregory*, 223 N.C. 415, 418, 27 S.E.2d 140, 142 (1943)), *disc. review denied*, 362 N.C. 367, 663 S.E.2d 432 (2008). " 'The legal effect of arresting the judgment is to vacate the verdict and sentence of imprisonment below, and the State, if it is so advised, may proceed against the defendant upon a sufficient bill of indictment.' " *State v. Marshall*, 188 N.C. App. 744, 752, 656 S.E.2d 709, 715 (quoting *State v. Fowler*, 266 N.C. 528, 531, 146 S.E.2d 418, 420 (1966)), *disc. review denied*, 362 N.C. 368, 661 S.E.2d 890 (2008).

*Id.* at *5-7. The indictment in *Harris* stated the following:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 14th day of January, 2010, in Mecklenburg County, Charles Fitzgerald Harris did unlawfully, willfully and feloniously on the premises of Winget Park Elementary School, located at . . . Charlotte, North Carolina. A place intended primarily for the use, care, or supervision of minors and defendant is a registered sex offender.

*Id.* at *7-8 (emphasis omitted). After looking at the relevant portions of N.C. Gen. Stat. § 14-208.18, this Court determined that

the essential elements of the offense defined in N.C. Gen. Stat. § 14-208.18(a) are that the defendant was (1) knowingly on the premises of any place intended primarily for the use, care, or supervision of minors and (2) at a time when he or she was required by North Carolina law to register as a sex offender based upon a conviction for committing an offense enumerated in Article 7A of Chapter 14 of the North Carolina General Statutes or an offense involving a victim who was under the age of 16 at the time of the offense. N.C. Gen. Stat. § 14-208.18.

*Id.* at \*8-9. This Court first overruled the defendant's argument that the indictment failed to clearly allege that he went onto the school premises as the indictment stated that defendant was being charged with being "on the premises[.]" *Id.* at \*9-10. This Court also overruled the defendant's second argument that the indictment was invalid because it did not contain the word "knowingly" as the indictment alleged that defendant acted "willfully" which was sufficient "to allege the requisite 'knowing' conduct." *Id.* at \*12. In addressing the defendant's third argument, the Court, after looking to the relevant statutes, determined that because

> certain individuals are required to register as sex offenders despite the fact that they did not commit an offense that is listed in Article 7A of Chapter 14 or involved a victim under the age of 16, an allegation that Defendant was a 'registered sex offender' does not suffice to allege all of the elements of the criminal offense enumerated in N.C. Gen. Stat. § 14-208.18.

*Id.* at \*15 (emphasis omitted). The Court vacated the defendant's convictions after concluding that the indictment failed to "allege every essential element of the criminal offense it purports to charge," and therefore, the trial court was deprived of jurisdiction to enter a judgment against defendant for an alleged violation of N.C. Gen. Stat. § 14-208.18(a). *Id.* at \*15-16 (citation omitted). The Court went on to address the State's arguments "that the 'specific offense committed would be mere surplusage' and that the allegation that Defendant's conduct was 'unlawful' gave him ample notice that his status as a registered sex offender precluded him from entering the premises of the school in question." *Id.* at \*16-17. In concluding that "neither of the State's justifications for upholding the challenged 'prior offense' allegation have merit[,]" this Court explained that

> [a]n allegation that the underlying offense requiring sex offender registration was an offense listed in Article 7A of Chapter 14 of the North Carolina General Statutes or involved a victim under the age of 16 is an essential element for purposes of the offense set out in N.C. Gen. Stat. § 14-208.18(a) and cannot, for that reason, be treated as mere surplusage. In addition, we do not believe an allegation that Defendant's conduct was "unlawful" satisfies the requirement that the indictment allege every essential element of an offense under N.C. Gen. Stat. § 14-208.18(a). *Billinger*, ____ N.C. App. at ___, 714 S.E.2d at 206. Alleging that Defendant was a "registered sex offender" and that his conduct was "unlaw-

ful" does not, standing alone, provide any notice of the nature of Defendant's allegedly unlawful conduct or the reason that his alleged conduct was unlawful.

*Id.* at *16-17.

Unlike *Harris*, neither party here has raised an issue on appeal regarding the validity of the indictment and the presence or absence of subject matter jurisdiction. However, "an appellate court has the power to inquire into jurisdiction in a case before it at any time, even *sua sponte.*" *Xiong v. Marks*, 193 N.C. App. 644, 652, 668 S.E.2d 594, 599 (2008). " 'Jurisdiction of the court over the subject matter of an action is the most critical aspect of the court's authority to act. Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question.' " *Cunningham v. Selman*, 201 N.C. App. 270, 281, 689 S.E.2d 517, 524 (2009) (quoting *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987)). Whether a trial court has subject-matter jurisdiction is a question of law, reviewed *de novo* on appeal. *State v. Abbott*, _____ N.C. App. _____, _____, 720 S.E.2d 437, 439 (2011). "A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity[,]" and "in its absence a court has no power to act[.]" *In re T.R.P.*, 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) (citations and quotation marks omitted).

The relevant portions of N.C. Gen. Stat. § 14-208.18 (2009) state the following:

(a) It shall be unlawful for any person required to register under this Article, if the offense requiring registration is described in subsection (c) of this section, to knowingly be at any of the following locations:

(1) On the premises of any place intended primarily for the use, care, or supervision of minors, including, but not limited to, schools, children's museums, child care centers, nurseries, and playgrounds.

(2) Within 300 feet of any location intended primarily for the use, care, or supervision of minors when the place is located on premises that are not intended primarily for the use, care, or supervision of minors, including, but not limited to, places described in subdivision (1) of this subsection that are located in malls, shopping centers, or other property open to the general public.

. . . .

(c) Subsection (a) of this section is applicable only to persons required to register under this Article who have committed any of the following offenses:

(1) Any offense in Article 7A of this Chapter.

(2) Any offense where the victim of the offense was under the age of 16 years at the time of the offense.

The indictment in this case has similar defects as the indictment in *Harris*. The indictment against defendant stated the following:

The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully, and feloniously was knowingly present at and within 300 feet of a location intended primarily for the use, care, or supervision of minors and that place was located on premises that were not intended primarily for the use, care, or supervision of minors, said property being the Catawba County Fairgrounds, located at 1127 Conover Blvd., Newton, NC, property which is open to the general public. This act was in violation of the law referenced above.

We first note that the defendant in *Harris* was charged with an offense pursuant to N.C. Gen. Stat. § 14-208.18(a)(1) and defendant here is charged pursuant to N.C. Gen. Stat. § 14-208.18(a)(2). Although those charges would have different first "elements" pursuant to N.C. Gen. Stat. § 14-208.18(a)(1) or (2) both indictments charging those offenses would both have to allege that defendants acted with knowledge, pursuant to N.C. Gen. Stat. § 14-208.18(a), and, pursuant to N.C. Gen. Stat. § 14-208.18(c), would still have to allege that:

at a time when he or she was required by North Carolina law to register as a sex offender based upon a conviction for committing an offense enumerated in Article 7A of Chapter 14 of the North Carolina General Statutes or an offense involving a victim who was under the age of 16 at the time of the offense.

*Harris*, 2012 N.C. App. LEXIS 444 at \*8-9 (emphasis omitted).

Like the *Harris* indictment, the indictment here states that defendant acted "willfully[,]" which as determined in *Harris* satisfies the knowledge requirement. *See id.* at \*12. Also, the indictment generally follows the language of N.C. Gen. Stat. § 14-208(a)(2) in describing

the nature of the location of the offense. *See Harris,* 2012 N.C. App. LEXIS 444 at *6; *Greer,* 238 N.C. at 328, 77 S.E.2d at 920. But like the indictment in *Harris,* the indictment before us fails to allege that defendant was convicted of an offense enumerated in Article 7A of Chapter 14 of the North Carolina General Statutes or an offense involving a victim who was under the age of 16 at the time of the offense. *See* N.C. Gen. Stat. § 14-208.18(c). Also, the use of the word "unlawfully" and the sentence, "This act was in violation of the law referenced above[,]" in the indictment, just as in the *Harris* indictment, "does not, standing alone, provide any notice of the nature of Defendant's allegedly unlawful conduct or the reason that his alleged conduct was unlawful." *See Harris,* 2012 N.C. App. LEXIS 444 at *17. As the indictment failed to allege this essential element of the offense, the trial court did not have subject matter jurisdiction to consider a charge against defendant based on N.C. Gen. Stat. § 14-208.18(a) and therefore, the trial court's order is a "nullity." *See In re T.R.P.,* 360 N.C. at 590, 636 S.E.2d at 790. Therefore, as the trial court did not have subject matter jurisdiction, we also have "no power to act" on the State's appeal. *See id.* Thus, the State's appeal is dismissed.

DISMISSED.

Judges HUNTER, Robert C. and ERVIN concur.