IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-872

Filed: 21 April 2020

Avery County, No. 17 CRS 50725-26

STATE OF NORTH CAROLINA

      v.

JUANITA NICOLE LEBEAU, Defendant.

Appeal by Defendant from judgment entered 15 April 2019 by Judge Marvin Pope in Avery County Superior Court. Heard in the Court of Appeals 1 April 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Asher P. Spiller, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily Holmes Davis, for the Defendant.*

BROOK, Judge.

Juanita Nicole Lebeau ("Defendant") appeals from judgment entered upon jury verdicts on 10 April 2019 and amended 15 April 2019 for trafficking in methadone. We hold that the trial court retained jurisdiction to amend its judgment. We further hold that the 15 April 2019 amendment to the judgment did not violate Defendant's right to be present at sentencing. Accordingly, we find no error.

I. Factual and Procedural Background

Defendant was arrested on 6 October 2017 and indicted 20 August 2018 on charges related to drug offenses that took place in April and May of 2017. On 10 April 2019, an Avery County jury found her guilty of one count of trafficking between four and fourteen grams of methadone and two counts of selling methadone, a Schedule II narcotic. For sentencing purposes, the two counts of selling methadone were consolidated under the one count of trafficking. The sentence announced in open court on April 10 was "a mandatory 70 months" of active imprisonment. The written judgment reflected both a minimum and a maximum sentence of 70 months' active time.

The next day, the Avery County Clerk of Court sent Judge Pope an email asking two questions: First, whether he ought to indicate a maximum term for Defendant's sentence; and second, how to resolve a handful of inconsistencies among the verdict sheet, the indictment, the court calendar, and the written judgment. In some places, the primary charge was listed as "PWISD Sch. II," i.e., trafficking. In others, it was listed as "Sale of Sch. II CS." Judge Pope replied the same afternoon clarifying that he had consolidated the two counts of selling methadone under the trafficking count, a Class F felony "for which [Defendant] received 70 to 93 months."

On 15 April 2019, Judge Pope entered an amended judgment sentencing Defendant to a minimum of 70 and a maximum of 93 months of confinement,

reflecting the sentence prescribed for her trafficking offense by N.C. Gen. Stat. § 90-95(h)(4).

Defendant timely noticed appeal.

## II. Analysis

On appeal, Defendant argues that the amended judgment must be vacated and the case remanded for resentencing. Specifically, she argues her sentence was amended after the trial court had been divested of jurisdiction over her case. In the alternative, she argues that even if the trial court had jurisdiction on 15 April 2019 when it amended her sentence, it did so in her absence and thus denied her the right to be present to hear her sentence.

We address these arguments in turn.

## A. Jurisdiction

Defendant contends the trial court lost jurisdiction over her case when she entered notice of appeal, and that the amendment corrected an error in judicial reasoning and thus depended on the trial court's continuing jurisdiction for its validity. The State argues that the trial court had jurisdiction when it amended Defendant's sentence. It contends a trial court is only divested of jurisdiction when both (1) a notice of appeal has been given and (2) the period for taking appeals has elapsed.

As explained below, we agree with the State that the trial court retained jurisdiction.

1. Standard of Review

Whether the trial court had jurisdiction is a question of law that we review de novo. *State v. Herman*, 221 N.C. App. 204, 209, 726 S.E.2d 863, 866 (2012).

2. Merits

"The jurisdiction of the trial court with regard to the case is divested . . . when notice of appeal has been given *and* the period described in (1) and (2) has expired." N.C. Gen. Stat. § 15A-1448(a)(3) (2019) (emphasis added). Subsection (1) refers to "the period provided in the rules of appellate procedure for giving notice of appeal." *Id.* § 15A-1448(a)(1).[1] The North Carolina Rules of Appellate Procedure allow a written notice of appeal in a criminal case to be filed 14 days after the entry of a judgment. N.C. R. App. P. 4(a)(2) (2019). Therefore, under the plain language of § 15A-1448(a)(3), the trial court has jurisdiction until notice of appeal has been given and 14 days have passed.

Defendant cites *State v. Davis*, 123 N.C. App. 240, 427 S.E.2d 392 (1996), for the proposition that a notice of appeal alone terminates a trial court's jurisdiction. In that case, we stated that "[t]he general rule is that the jurisdiction of the trial court is divested when notice of appeal is given[.]" *State v. Davis*, 123 N.C. App. 240, 242,

---

[1] Subsection (2) involves instances when a motion for appropriate relief has been made and, as such, is inapplicable here. N.C. Gen. Stat. § 15A-1448(a)(2) (2019).

427 S.E.2d 392, 393 (1996). But we do not read *Davis*'s description of a "general rule" to nullify *in toto* one of the statute's conjunctive requirements for the divestment of jurisdiction. A "general rule" by its terms does not preclude the operation of more specific statutory provisions, as the plain text of § 15A-1448(a)(3) requires. "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." *State v. Wagoner*, 199 N.C. App. 321, 324, 683 S.E.2d 391, 395 (2009). Moreover, *Davis* concerned a sentence amended months after it was first entered, well after the expiration of the 14-day window for filing a notice of appeal, and is therefore distinguishable. 123 N.C. App. at 241, 427 S.E.2d at 393 (holding trial court was without jurisdiction to amend the defendant's sentence when it did so in the course of amending the record on appeal).

Only five days passed between the entry of the original judgment in this case and its subsequent amendment. The trial court thus retained jurisdiction over the matter.

### B. The Right to be Present

Defendant next argues that because the amended April 15 judgment was entered in her absence, she was deprived of her right to be present to hear her sentence. Defendant contends this right is violated when "the written judgment contains any substantive change from the sentence pronounced in defendant's

presence." The State argues that because the sentence imposed is statutorily required by N.C. Gen. Stat. § 90-95(h)(4) for the offense under which Defendant's guilty verdicts were consolidated, the sentence inhered in the verdict and thus was not actually changed by the entry of the amended judgment. The judgment's amendment, in other words, was the "non-discretionary byproduct" of the verdict, notwithstanding the trial court's failure to properly record the upper end of that mandatory sentence. *State v. Arrington*, 215 N.C. App. 161, 167, 714 S.E.2d 777, 782 (2011). We agree with the State and conclude that the amended judgment did not effect a substantive change to Defendant's sentence.

### 1. Standard of Review

We review the propriety of an amended judgment entered outside the defendant's presence de novo. *Id.* at 166, 714 S.E.2d at 781.

### 2. Merits

Criminal defendants have a right to be present to hear the entry of their sentences. *State v. Mims*, 180 N.C. App. 403, 413, 637 S.E.2d 244, 250 (2006). Defendant was present to hear her sentence as it was imposed and announced on 10 April 2019. The question is whether the April 15 amended judgment "represent[ed] a substantive change from the sentence pronounced by the trial court[.]" *Id.*

We have found a change to be substantive where a trial court has materially altered the length or the terms of a defendant's sentence in the defendant's absence.

*See, e.g.*, *State v. Hanner*, 188 N.C. App. 137, 141, 654 S.E.2d 820, 823 (2008) (finding a substantive change where multiple sentences were amended to run consecutively rather than concurrently)*; Mims,* 180 N.C. App. at 414, 637 S.E.2d at 250-51 (vacating nine months' intensive probation imposed in written judgment but not orally in open court); *State v. Crumbley*, 135 N.C. App. 59, 66, 519 S.E.2d 94, 99 (1999) (vacating amendment to defendant's sentences causing them to run consecutively rather than concurrently). In each of these cases, the trial court modified the defendant's sentence as an otherwise permissible exercise of judicial discretion. *See, e.g.*, *State v. Harris*, 111 N.C. App. 58, 71, 431 S.E.2d 792, 800 (1993) ("The sentencing judge [] retains the discretion to impose multiple sentences to run consecutively or concurrently.").

On the other hand, changes that merely correct clerical errors are not substantive. A clerical error is one that results "from a minor mistake or inadvertence, esp[ecially] in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000) (quoting Black's Law Dictionary, 7th ed. 1999). Similarly, our Court in *Arrington* concluded that an amendment to include statutorily required fines accompanying the punishment imposed was not a substantive change but a statutorily "necessary byproduct" of the sentence. *Arrington*, 215 N.C. App. at 168, 714 S.E.2d at 782. A change is therefore not substantive when it corrects a clerical

error or clarifies that a sentence will comport with applicable statutory limits on the trial court's sentencing discretion.

North Carolina law requires that the sentence imposed for Defendant's conviction be a minimum of 70 months and a maximum of 93 months. N.C. Gen Stat. § 90-95(h)(4)(a) (2019). It also requires that "[t]he maximum term shall be specified in the judgment of the court." N.C. Gen Stat. § 15A-1340.13(c) (2019). The judge is to enter the sentence required by the conviction, and subsequent discretion to adjust the time served within that mandatory range is left to state correctional officers. *Id.* § 15A-1340.13(d).

Here, the trial court's discretion was bound in both procedural and substantive terms such that the amended sentence did not represent a novel exercise of judicial discretion in Defendant's absence, as it did in *Crumbley*, *Mims*, and *Hanner*. Rather, the amendment reflects the only sentence the court could legally impose given the verdict rendered—"a non-discretionary byproduct of the sentence that was imposed in open court." *Arrington*, 215 N.C. App. at 167, 714 S.E.2d at 782.

Further, "a court of record has the inherent power and duty to make its records speak the truth." *State v. Cannon*, 244 N.C. 399, 403, 94 S.E.2d 339, 342 (1956). The trial court is entitled to a presumption of regularity; that is, the presumption that "public officials [] discharge their duties in good faith and exercise their powers in

accord with the spirit and purpose of the law." *State v. Ferrer*, 170 N.C. App. 131, 136, 611 S.E.2d 881, 884 (2005) (internal marks and citations omitted).

> It is presumed, in the absence of evidence to the contrary, that acts of a public officer within the sphere of his official duties, and purporting to be exercised in an official capacity and by public authority, are within the scope of his authority and *in compliance with controlling statutory provisions.*

*Civil Service Bd. of City of Charlotte v. Page*, 2 N.C. App. 34, 40, 162 S.E.2d 644, 647 (1968) (emphasis added).

Although on its face the initial April 10 judgment purported to sentence Defendant to a minimum and maximum term of 70 months, that sentence would violate state law by both failing to impose the *correct* sentence pursuant to § 90-95(h)(4) and by failing to specify *the* maximum term—not just *any* maximum term—required by § 15A-1340.13(c). Adhering to the presumption of regularity, we presume—absent any evidence to the contrary—that Judge Pope meant on both April 10 and April 15 to assign Defendant the sentence made mandatory by the "controlling statutory provisions." *Id.*

This presumption is supported by Judge Pope's response to the Clerk of Court's April 11 email inquiry, in which he explained that he had "consolidated everything into Count I . . . for which [Defendant] *received*"—in the past tense—"70 to 93 months." (Emphasis added.) During the 10 April 2019 sentencing hearing, Judge

Pope also announced "[t]he defendant is sentenced to a *mandatory* 70 months," (emphasis added), suggesting he understood his discretion was bound by statute.

Unlike *Mims*, where remanding for resentencing was required in part because "the transcript [was] void of any reference to [the revised] sentence[,]" the transcript in this case made reference to the "mandatory" nature of the sentence prescribed by statute. *Mims*, 180 N.C. App. at 413, 637 S.E.2d at 250.

We therefore conclude that the amended judgment does not reflect a substantive change to Defendant's sentence such that Defendant had a right to be present for the rendering of the amended judgment because the trial court retained "the inherent power and duty to make its records speak the truth[,]" *Cannon*, 244 N.C. at 403, 94 S.E.2d at 342, and thus the amended judgment comports both with the sentence announced and with the statutorily required sentence.

### III. Conclusion

We conclude that the trial court retained jurisdiction over Defendant's case because only five days elapsed between the entry of the first judgment and the entry of the amended judgment. Further, because the substance of Defendant's sentence was wholly preordained by statute, and because we presume that the trial court intended to follow the law, we conclude that the April 15 amendment reflects a clerical clarification rather than a substantive change. We therefore hold the trial

court did not err in amending the judgment to reflect the mandatory sentence required by statute.

NO ERROR.

Judges TYSON and ZACHARY concur.