IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-872

 Filed: 21 April 2020

Avery County, No. 17 CRS 50725-26

STATE OF NORTH CAROLINA

 v.

JUANITA NICOLE LEBEAU, Defendant.

 Appeal by Defendant from judgment entered 15 April 2019 by Judge Marvin

Pope in Avery County Superior Court. Heard in the Court of Appeals 1 April 2020.

 Attorney General Joshua H. Stein, by Assistant Attorney General Asher P.
 Spiller, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily
 Holmes Davis, for the Defendant.

 BROOK, Judge.

 Juanita Nicole Lebeau (“Defendant”) appeals from judgment entered upon jury

verdicts on 10 April 2019 and amended 15 April 2019 for trafficking in methadone.

We hold that the trial court retained jurisdiction to amend its judgment. We further

hold that the 15 April 2019 amendment to the judgment did not violate Defendant’s

right to be present at sentencing. Accordingly, we find no error.

 I. Factual and Procedural Background
 STATE V. LEBEAU

 Opinion of the Court

 Defendant was arrested on 6 October 2017 and indicted 20 August 2018 on

charges related to drug offenses that took place in April and May of 2017. On 10 April

2019, an Avery County jury found her guilty of one count of trafficking between four

and fourteen grams of methadone and two counts of selling methadone, a Schedule II

narcotic. For sentencing purposes, the two counts of selling methadone were

consolidated under the one count of trafficking. The sentence announced in open

court on April 10 was “a mandatory 70 months” of active imprisonment. The written

judgment reflected both a minimum and a maximum sentence of 70 months’ active

time.

 The next day, the Avery County Clerk of Court sent Judge Pope an email

asking two questions: First, whether he ought to indicate a maximum term for

Defendant’s sentence; and second, how to resolve a handful of inconsistencies among

the verdict sheet, the indictment, the court calendar, and the written judgment. In

some places, the primary charge was listed as “PWISD Sch. II,” i.e., trafficking. In

others, it was listed as “Sale of Sch. II CS.” Judge Pope replied the same afternoon

clarifying that he had consolidated the two counts of selling methadone under the

trafficking count, a Class F felony “for which [Defendant] received 70 to 93 months.”

 On 15 April 2019, Judge Pope entered an amended judgment sentencing

Defendant to a minimum of 70 and a maximum of 93 months of confinement,

 -2-
 STATE V. LEBEAU

 Opinion of the Court

reflecting the sentence prescribed for her trafficking offense by N.C. Gen. Stat. § 90-

95(h)(4).

 Defendant timely noticed appeal.

 II. Analysis

 On appeal, Defendant argues that the amended judgment must be vacated and

the case remanded for resentencing. Specifically, she argues her sentence was

amended after the trial court had been divested of jurisdiction over her case. In the

alternative, she argues that even if the trial court had jurisdiction on 15 April 2019

when it amended her sentence, it did so in her absence and thus denied her the right

to be present to hear her sentence.

 We address these arguments in turn.

 A. Jurisdiction

 Defendant contends the trial court lost jurisdiction over her case when she

entered notice of appeal, and that the amendment corrected an error in judicial

reasoning and thus depended on the trial court’s continuing jurisdiction for its

validity. The State argues that the trial court had jurisdiction when it amended

Defendant’s sentence. It contends a trial court is only divested of jurisdiction when

both (1) a notice of appeal has been given and (2) the period for taking appeals has

elapsed.

 -3-
 STATE V. LEBEAU

 Opinion of the Court

 As explained below, we agree with the State that the trial court retained

jurisdiction.

 1. Standard of Review

 Whether the trial court had jurisdiction is a question of law that we review de

novo. State v. Herman, 221 N.C. App. 204, 209, 726 S.E.2d 863, 866 (2012).

 2. Merits

 “The jurisdiction of the trial court with regard to the case is divested . . . when

notice of appeal has been given and the period described in (1) and (2) has expired.”

N.C. Gen. Stat. § 15A-1448(a)(3) (2019) (emphasis added). Subsection (1) refers to

“the period provided in the rules of appellate procedure for giving notice of appeal.”

Id. § 15A-1448(a)(1).1 The North Carolina Rules of Appellate Procedure allow a

written notice of appeal in a criminal case to be filed 14 days after the entry of a

judgment. N.C. R. App. P. 4(a)(2) (2019). Therefore, under the plain language of

§ 15A-1448(a)(3), the trial court has jurisdiction until notice of appeal has been given

and 14 days have passed.

 Defendant cites State v. Davis, 123 N.C. App. 240, 427 S.E.2d 392 (1996), for

the proposition that a notice of appeal alone terminates a trial court’s jurisdiction. In

that case, we stated that “[t]he general rule is that the jurisdiction of the trial court

is divested when notice of appeal is given[.]” State v. Davis, 123 N.C. App. 240, 242,

 1 Subsection (2) involves instances when a motion for appropriate relief has been made and,
as such, is inapplicable here. N.C. Gen. Stat. § 15A-1448(a)(2) (2019).

 -4-
 STATE V. LEBEAU

 Opinion of the Court

427 S.E.2d 392, 393 (1996). But we do not read Davis’s description of a “general rule”

to nullify in toto one of the statute’s conjunctive requirements for the divestment of

jurisdiction. A “general rule” by its terms does not preclude the operation of more

specific statutory provisions, as the plain text of § 15A-1448(a)(3) requires. “Where

the language of a statute is clear and unambiguous, there is no room for judicial

construction and the courts must construe the statute using its plain meaning.” State

v. Wagoner, 199 N.C. App. 321, 324, 683 S.E.2d 391, 395 (2009). Moreover, Davis

concerned a sentence amended months after it was first entered, well after the

expiration of the 14-day window for filing a notice of appeal, and is therefore

distinguishable. 123 N.C. App. at 241, 427 S.E.2d at 393 (holding trial court was

without jurisdiction to amend the defendant’s sentence when it did so in the course

of amending the record on appeal).

 Only five days passed between the entry of the original judgment in this case

and its subsequent amendment. The trial court thus retained jurisdiction over the

matter.

 B. The Right to be Present

 Defendant next argues that because the amended April 15 judgment was

entered in her absence, she was deprived of her right to be present to hear her

sentence. Defendant contends this right is violated when “the written judgment

contains any substantive change from the sentence pronounced in defendant’s

 -5-
 STATE V. LEBEAU

 Opinion of the Court

presence.” The State argues that because the sentence imposed is statutorily

required by N.C. Gen. Stat. § 90-95(h)(4) for the offense under which Defendant’s

guilty verdicts were consolidated, the sentence inhered in the verdict and thus was

not actually changed by the entry of the amended judgment. The judgment’s

amendment, in other words, was the “non-discretionary byproduct” of the verdict,

notwithstanding the trial court’s failure to properly record the upper end of that

mandatory sentence. State v. Arrington, 215 N.C. App. 161, 167, 714 S.E.2d 777, 782

(2011). We agree with the State and conclude that the amended judgment did not

effect a substantive change to Defendant’s sentence.

 1. Standard of Review

 We review the propriety of an amended judgment entered outside the

defendant’s presence de novo. Id. at 166, 714 S.E.2d at 781.

 2. Merits

 Criminal defendants have a right to be present to hear the entry of their

sentences. State v. Mims, 180 N.C. App. 403, 413, 637 S.E.2d 244, 250 (2006).

Defendant was present to hear her sentence as it was imposed and announced on 10

April 2019. The question is whether the April 15 amended judgment “represent[ed]

a substantive change from the sentence pronounced by the trial court[.]” Id.

 We have found a change to be substantive where a trial court has materially

altered the length or the terms of a defendant’s sentence in the defendant’s absence.

 -6-
 STATE V. LEBEAU

 Opinion of the Court

See, e.g., State v. Hanner, 188 N.C. App. 137, 141, 654 S.E.2d 820, 823 (2008) (finding

a substantive change where multiple sentences were amended to run consecutively

rather than concurrently); Mims, 180 N.C. App. at 414, 637 S.E.2d at 250-51

(vacating nine months’ intensive probation imposed in written judgment but not

orally in open court); State v. Crumbley, 135 N.C. App. 59, 66, 519 S.E.2d 94, 99 (1999)

(vacating amendment to defendant’s sentences causing them to run consecutively

rather than concurrently). In each of these cases, the trial court modified the

defendant’s sentence as an otherwise permissible exercise of judicial discretion. See,

e.g., State v. Harris, 111 N.C. App. 58, 71, 431 S.E.2d 792, 800 (1993) (“The sentencing

judge [] retains the discretion to impose multiple sentences to run consecutively or

concurrently.”).

 On the other hand, changes that merely correct clerical errors are not

substantive. A clerical error is one that results “from a minor mistake or

inadvertence, esp[ecially] in writing or copying something on the record, and not from

judicial reasoning or determination.” State v. Jarman, 140 N.C. App. 198, 202, 535

S.E.2d 875, 878 (2000) (quoting Black’s Law Dictionary, 7th ed. 1999). Similarly, our

Court in Arrington concluded that an amendment to include statutorily required fines

accompanying the punishment imposed was not a substantive change but a

statutorily “necessary byproduct” of the sentence. Arrington, 215 N.C. App. at 168,

714 S.E.2d at 782. A change is therefore not substantive when it corrects a clerical

 -7-
 STATE V. LEBEAU

 Opinion of the Court

error or clarifies that a sentence will comport with applicable statutory limits on the

trial court’s sentencing discretion.

 North Carolina law requires that the sentence imposed for Defendant’s

conviction be a minimum of 70 months and a maximum of 93 months. N.C. Gen Stat.

§ 90-95(h)(4)(a) (2019). It also requires that “[t]he maximum term shall be specified

in the judgment of the court.” N.C. Gen Stat. § 15A-1340.13(c) (2019). The judge is

to enter the sentence required by the conviction, and subsequent discretion to adjust

the time served within that mandatory range is left to state correctional officers. Id.

§ 15A-1340.13(d).

 Here, the trial court’s discretion was bound in both procedural and substantive

terms such that the amended sentence did not represent a novel exercise of judicial

discretion in Defendant’s absence, as it did in Crumbley, Mims, and Hanner. Rather,

the amendment reflects the only sentence the court could legally impose given the

verdict rendered—“a non-discretionary byproduct of the sentence that was imposed

in open court.” Arrington, 215 N.C. App. at 167, 714 S.E.2d at 782.

 Further, “a court of record has the inherent power and duty to make its records

speak the truth.” State v. Cannon, 244 N.C. 399, 403, 94 S.E.2d 339, 342 (1956). The

trial court is entitled to a presumption of regularity; that is, the presumption that

“public officials [] discharge their duties in good faith and exercise their powers in

 -8-
 STATE V. LEBEAU

 Opinion of the Court

accord with the spirit and purpose of the law.” State v. Ferrer, 170 N.C. App. 131,

136, 611 S.E.2d 881, 884 (2005) (internal marks and citations omitted).

 It is presumed, in the absence of evidence to the contrary,
 that acts of a public officer within the sphere of his official
 duties, and purporting to be exercised in an official capacity
 and by public authority, are within the scope of his
 authority and in compliance with controlling statutory
 provisions.

Civil Service Bd. of City of Charlotte v. Page, 2 N.C. App. 34, 40, 162 S.E.2d 644, 647

(1968) (emphasis added).

 Although on its face the initial April 10 judgment purported to sentence

Defendant to a minimum and maximum term of 70 months, that sentence would

violate state law by both failing to impose the correct sentence pursuant to § 90-

95(h)(4) and by failing to specify the maximum term—not just any maximum term—

required by § 15A-1340.13(c). Adhering to the presumption of regularity, we

presume—absent any evidence to the contrary—that Judge Pope meant on both April

10 and April 15 to assign Defendant the sentence made mandatory by the “controlling

statutory provisions.” Id.

 This presumption is supported by Judge Pope’s response to the Clerk of Court’s

April 11 email inquiry, in which he explained that he had “consolidated everything

into Count I . . . for which [Defendant] received”—in the past tense—“70 to 93

months.” (Emphasis added.) During the 10 April 2019 sentencing hearing, Judge

 -9-
 STATE V. LEBEAU

 Opinion of the Court

Pope also announced “[t]he defendant is sentenced to a mandatory 70 months,”

(emphasis added), suggesting he understood his discretion was bound by statute.

 Unlike Mims, where remanding for resentencing was required in part because

“the transcript [was] void of any reference to [the revised] sentence[,]” the transcript

in this case made reference to the “mandatory” nature of the sentence prescribed by

statute. Mims, 180 N.C. App. at 413, 637 S.E.2d at 250.

 We therefore conclude that the amended judgment does not reflect a

substantive change to Defendant’s sentence such that Defendant had a right to be

present for the rendering of the amended judgment because the trial court retained

“the inherent power and duty to make its records speak the truth[,]” Cannon, 244

N.C. at 403, 94 S.E.2d at 342, and thus the amended judgment comports both with

the sentence announced and with the statutorily required sentence.

 III. Conclusion

 We conclude that the trial court retained jurisdiction over Defendant’s case

because only five days elapsed between the entry of the first judgment and the entry

of the amended judgment. Further, because the substance of Defendant’s sentence

was wholly preordained by statute, and because we presume that the trial court

intended to follow the law, we conclude that the April 15 amendment reflects a

clerical clarification rather than a substantive change. We therefore hold the trial

 - 10 -
 STATE V. LEBEAU

 Opinion of the Court

court did not err in amending the judgment to reflect the mandatory sentence

required by statute.

 NO ERROR.

 Judges TYSON and ZACHARY concur.

 - 11 -